UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
GROUPAMA TRANSPORT, as subrogee of
Entrepots Transports Barbe, d/b/a Seafrigo,

Docket No. 10 CV 4961

                Plaintiff,

    -against-

M/V EVER REFINE, her engines, boilers, etc.,
*in rem*, and EVERGREEN MARINE CORP.
(TAIWAN) LTD., d/b/a as Evergreen Line,

                Defendants.
---------------------------------------------------------------X

COMPLAINT



RECEIVED JUN 25 2010 U.S.D.C. S.D.N.Y. CASHIERS

    Plaintiff, Groupama Transport, as subrogee of Entrepots Transports Barbe, d/b/a Seafrigo, by its attorneys, Cozen O'Connor, as and for its complaint herein, alleges the following upon information and belief:

    1.    All and singular, the following premises are true and constitute an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court.

    2.    Jurisdiction and venue are proper insofar as the forum selection clause in the Defendants' Bill of Lading provides that all claims "must be brought and heard solely in the United States District Court for the Southern District of New York."

    3.    The Plaintiff Groupama Transport, as subrogee of Entrepots Transports Barbe, d/b/a Seafrigo, (hereinafter "Groupama Transport" or "Plaintiff") is a French corporation, and has its principal place of business located at 1 Quai Georges V, 76600, LeHavre, France, and at all times relevant hereto, was the insurer of a shipment of cheese which is more fully described hereinafter ("the Cargo") and which is the subject of this action.

4. At all times pertinent hereto, Plaintiff's insured, Entrepots Transports Barbe, d/b/a Seafrigo (hereinafter "Seafrigo"), was and is, a subsidiary of Condigel Group and was engaged in business as a non-vessel operating common carrier and has its principal place of business at 9 Rue du Pont VI, 76600, LeHavre, France.

5. The Defendant, M/V EVER REFINE, her engines, boilers, etc., (hereinafter, "the Vessel") was and still is a general cargo vessel engaged in the common carriage and/or private carriage of cargo by sea for hire and is, or will be during the pendency of this action, within the jurisdiction of this Honorable Court.

6. At all times relevant hereto, the Defendant Evergreen Marine Corp. (Taiwan) Ltd. is a foreign corporation doing business as Evergreen Line ("Evergreen") and is and was the owner, operator, charterer and/or manager of the Vessel and engaged in the common carriage of goods by sea for hire and has a place of business at One Evertrust Plaza, Jersey City, New Jersey 07302.

7. On or before June 21, 2009, Seafrigo was engaged to transport the Cargo from the port of LeHavre, France to the port of New York, New York.

8. Thereafter, on or about June 21, 2009, the Cargo, consisting of a refrigerated shipment of 4,743 cartons of cheese in container no. EISU 5625259, was delivered to the Defendants by Seafrigo in good order and condition at the port of LeHavre, France, which the Defendants accepted and agreed to transport to the port of New York, New York, pursuant to the terms and conditions of bill of lading no. EGLV 540900038455 dated June 21, 2009.

9. Pursuant to the terms of the aforementioned bill of lading contract, the Defendants were obliged to maintain the refrigerated temperature within the container at three degrees Celsius.

10. The Defendants failed to maintain the temperature within the container at three degrees Celsius during transit and, as a result, the Cargo was damaged while in the care, custody and control of the Defendants.

11. Defendants thereafter failed to make delivery of the Cargo in good order and condition, in accordance with the terms and conditions of the aforementioned bill of lading contract and the U.S. Carriage of Goods by Sea Act, 46 U.S.C. § 1300 *et seq.*, and delivered same in a spoiled and damaged condition.

12. By reason of these premises, the Defendants breached, failed and violated their duties and obligations as common carriers and/or bailees and were otherwise at fault.

13. Plaintiff was the insurer of Seafrigo and brings this action on its own behalf and as agent and trustee, on behalf of and for the interest of all parties who may be or become interested in the aforesaid shipment, as their respective interests may appear, and Plaintiff is entitled to maintain this action.

14. By reason of the premises, Plaintiff has sustained a loss, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in the amount of $136,750.56.

WHEREFORE, the Plaintiff, Groupama Transport, respectfully requests that the Court enter judgment in favor of the Plaintiff and against the defendants in the amount of $136,750.56 plus attorneys fees and the costs of this action, together with such further relief as the Court deems just under the circumstances.

Dated: New York, New York
      June 24, 2010

                                  Respectfully submitted,
                                  COZEN O'CONNOR

BY: _____
            Christopher Raleigh (CR-9366)
            Attorneys for Plaintiff
            45 Broadway, 16th Floor
            New York, New York 10006
            (212) 509-9400

NEWYORK_DOWNTOWN\2250481\1   272264.000